United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA POSTLEWAITE, | |
| Plaintiff, | No. C 11-4563 PJH |
| v. | **ORDER VACATING ENTRY OF DEFAULT** |
| WELLS FARGO, et al., | |
| Defendants. _____/ | |

Having reviewed plaintiff's motion for entry of default against NDEx West LLC ("NDEx West"), the court finds that the entry of default must be VACATED for insufficient service of the summons and complaint.

This action was originally filed in the Superior Court of California, County of San Francisco. In California, service on a corporation can be accomplished only by serving some individual as its representative. See Judicial Council Comment, Cal. Civ. P. Code § 416.10.

A summons may be served on a corporation by delivering a copy of the summons and the complaint by any of the following methods:

(a) To the person designated as agent for service of process as provided by any provision in Section 202, 1502, 2105, or 2107 of the Corporations Code (or Sections 3301 to 3303, inclusive, or Sections 6500 to 6504, inclusive, of the Corporations Code, as in effect on December 31, 1976, with respect to corporations to which they remain applicable).

> (b) To the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process.
>
> (c) If the corporation is a bank, to a cashier or assistant cashier or to a person specified in subdivision (a) or (b).
>
> (d) If authorized by any provision in Section 1701, 1702, 2110, or 2111 of the Corporations Code (or Sections 3301 to 3303, inclusive, or Sections 6500 to 6504, inclusive, of the Corporations Code, as in effect on December 31, 1976, with respect to corporations to which they remain applicable), as provided by that provision.

Cal. Civ. P. Code § 416.10.

Once the party seeking to serve a corporation has determined who may be served on behalf of that corporation, the party may effect service by any of the means of service specified in California Civil Procedure Code § 413.10, which includes service by personal or substitute delivery, or service by mail. See Cal. Civ. P. Code § 413.10. Additional methods are authorized by the Corporations Code, as stated above.

If service is by mail, "[a] copy of the summons and or the complaint shall be mailed . . . to the person to be served, together with two copies of the notice and acknowledgment provided for in [Cal. Civ. P. Code § 415.30(b)] and a return envelope, postage prepaid, addressed to the sender." Cal. Civ. P. Code § 415.30(a). Service of a summons using this method is considered to be complete only when a written acknowledgment is executed, and thereafter returned to the sender. Cal. Civ. P. Code § 415.30(c).

Like a corporation, a limited liability company is required to designate an agent for service of process on the information form filed biennially with the Secretary of State. Cal. Corp. Code § 17060(a)(2). Service on a limited liability company is effected by serving the person designated as its agent for service of process. If its designated agent is a corporation, service must be made on the person listed as the corporation's agent for service of process on its information return filed with the Secretary of State. Cal. Corp. Code § 17061(b). The designated agent may be served either by personal service, see Cal. Civ. P. Code § 415.10; substitute service, see Cal. Civ. P. Code § 415.20(a); or service by mail with acknowledgment of receipt, see Cal. Civ. P. Code § 415.30(a).

Here, according to the proof of service provided with the motion for entry of default, plaintiff simply mailed a copy of the summons and complaint to NDEx West, at a mailing address in Irvine, California.  The summons and complaint were not mailed or delivered to an individual, and there is no indication in the plaintiff's papers that anyone subsequently returned to plaintiff an executed notice of acknowledgment and receipt on behalf of NDEx West.

No later than April 23, 2012, plaintiff must serve NDEx in conformance with the rules for service in California.  If plaintiff is taking the position that she need not comply with the rules for serving corporations or limited liability companies, she must at least comply with the rules for serving individuals in California, and must provide authority along with the proof of service for whatever method of service she claims is authorized under California law.

If NDEx fails to file a response to the complaint within the time allowed, plaintiff shall file a renewed request for entry of default, no later than 14 days following the deadline for NDEx to file a response.  If NDEx files an answer, the court will set a date for a case management conference.

**IT IS SO ORDERED.**

Dated:  March 23, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge

3